UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STATE NATIONAL INSURANCE COMPANY,

       Plaintiff,

                           Case No. 25-cv-471-bhl

    v.

CH ROBINSON WORLDWIDE INC, et al,

       Defendants.

---

## ORDER GRANTING IN PART MOTION TO DISMISS

---

      Through this lawsuit, Plaintiff State National Insurance Company seeks to recover amounts paid to its insured, non-party Chr. Hansen, for losses arising from damage to seven pallets of dairy cultures and enzymes during shipment from Wisconsin to California. (ECF No. 24.) As Chr. Hansen's subrogee, State National asserts claims for breach of contract and for liability under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, against Defendants CH Robinson Worldwide and HXI Logistics. (*Id*.) Defendants seek dismissal of both claims, arguing that the Carmack Amendment claims are untimely and the state law breach of contract claims are preempted. (ECF Nos. 25 & 28.) Central to the pending motion is whether the Court can consider and apply terms and conditions that were allegedly included on the reverse side of the bill of lading for the shipment when State National attached only the front side to its amended complaint, (ECF No. 24-2), and contends that the version supplied by Defendants is not part of the parties' contract. Because factual issues surround the reverse side of the bill of lading, State National's Carmack Amendment claim cannot be resolved at the motion to dismiss stage. The Court agrees with Defendants, however, that State National's breach of contract claim is preempted. Accordingly, Defendants' motion will be granted in part and denied in part.

Plaintiff State National is a Texas-based insurance company authorized to issue insurance policies in Wisconsin. (ECF No. 24 ¶¶2–3.) State National insures Chr. Hansen, a Wisconsin-based enzyme and dairy culture manufacturer. (*Id.* ¶¶1, 4.) Defendant CH Robinson is a Minnesota corporation operating as a freight broker or a freight forwarder of cargo. (*Id.* ¶¶5–6.) Defendant HXI Logistics is an Illinois corporation operating as a common carrier in interstate commerce. (*Id.* ¶¶7–8.)

In 2021, Chr. Hansen contracted with CH Robinson to ship seven pallets of dairy cultures and enzymes from New Berlin, Wisconsin to Livingston, California. (*Id.* ¶13.) At the time of the shipment, Chr. Hansen and CH Robinson were "engaged" under a "transportation and logistics agreement." (*Id.* ¶16 & ECF No. 24-2.) Under this agreement, CH Robinson accepted responsibility for Carmack Amendment liabilities arising if the shipment was damaged, including liability arising from delays in delivery so long as the goods were to be delivered within an agreed time limit. (ECF No. 24 ¶17.) CH Robinson also agreed to act as Chr. Hansen's agent in connection with any claims for damages. (*Id.* ¶18.)

The shipment was also subject to a bill of lading, bearing number 834806. (*Id.* ¶15 & ECF No. 24-1.) According to the front side of the bill of lading, delivery of the pallets was required by September 30, 2021. (ECF No. 24-1.) It also provides that it is subject to the terms and conditions on its "reverse side." (*Id.*) The parties dispute the significance of the bill of lading's reference to its "reverse side." The bill of lading that State National attached to its Second Amended Complaint has no reverse side. (*Id.*) Defendants have supplied what they contend is the "reverse side." (ECF No. 25-1.) According to Section 3 paragraph (a) of the version supplied by Defendants, as a "condition precedent" to any recovery, any claims must be "filed in writing" with the carrier within "nine months after delivery of the property" or, in the event of a failure to make the delivery, "within [nine] months after a reasonable time for delivery has elapsed." (*Id.* §3(a).) Section 3 paragraph (b) requires that any lawsuits against the carrier be brought "within two years and one day from the day" that the carrier gives notice that it is disallowing the claim. (*Id.* §3(b).) State

---

[1] These factual allegations are derived from State National's amended complaint, (ECF No. 24), the allegations in which are presumed true when considering a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007), and documents attached and incorporated by reference in the pleading, *see Williamson v. Curran*, 714 F.3d 432, 435–36 (7th Cir. 2013); *see also* Fed. R. Civ. P. 10(c).

National contends that if a complete copy of the bill of lading ever existed, it was never "tendered" to its insured and is not a part of the agreement. (ECF No. 29 at 2.)

In connection with the shipment and "unbeknownst to [Chr.] Hansen," CH Robinson established a contract for carriage with HXI Logistics to ship the dairy cultures and enzymes. (ECF No. 24 ¶20.) Under this arrangement, CH Robinson acted as a freight forwarder for the shipment, and the dairy cultures and enzymes were pieced together with other loads on a less-than truckload basis, in violation of the requirements in the bill of lading. (*Id*.)

On September 24, 2021, HXI Logistics picked up the pallets of dairy cultures and enzymes in New Berlin, Wisconsin. (*Id.* ¶22.) The products were then in good condition and packed in dry ice sufficient to preserve them for the duration of the transit period if delivered within six days as required by the parties' agreement. (*Id*.) Unfortunately, HXI Logistics did not deliver the pallets within the required time frame. The pallets were not delivered until October 4, 2021, four days *after* the contracted-for delivery date. (*Id.* ¶23.) As a result of the delay in delivery, the dairy cultures and enzymes were "destroyed," causing Chr. Hansen a total loss of $359,980.36. (*Id.* ¶¶24–25.)

On October 18, 2021, Chr. Hansen presented a claim for damages to CH Robinson but received no substantive response. (*Id.* ¶24.) Chr. Hansen then made a claim with State National, who reimbursed it in full for the damage. (*Id.* ¶28.) On March 31, 2025, State National filed this lawsuit, as subrogee of Chr. Hansen, against CH Robinson to recover for the damaged goods. (ECF No. 1.) It added claims against HXI Logistics in an amended complaint filed on December 1, 2025. (ECF No. 24.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must do more, however, than "recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).  A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citation omitted).  The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted.  *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Defendants seek the dismissal of all claims.  (ECF No. 25 & 28.)  They first contend that State National brought its Carmack Amendment claims too late based upon a time limitation for bringing suit set forth on the reverse side of the shipment's bill of lading (which they have supplied for the Court).  In response, State National highlights that the reverse side of the document was not attached to its pleading and disputes that the copy supplied by Defendants applies to the damaged shipment or to its claims.  Defendants further argue that State National's breach of contract claims fail because they are preempted by the Carmack Amendment.  For the reasons discussed below, the Court will grant Defendants' motion in part and deny it in part.

### I.   The Court Cannot Resolve the Parties' Disputes Over the Bill of Lading at the Motion to Dismiss Stage.

State National's primary claims are based on the Carmack Amendment.  (ECF No. 24 ¶¶35–40, 46–50.)  The Carmack Amendment provides a cause of action against carriers and freight forwarders for damage to a plaintiff's goods during transit unless the carrier or freight forwarder proves it was free from fault.  49 U.S.C. §14706; *Mo. Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 137–38 (1964); *Allied Tube & Conduit Corp. v. S. Pac. Transp. Co.*, 211 F.3d 367, 369 (7th Cir. 2000).  The amendment allows plaintiffs to sue either the freight forwarder that issued the bill of lading or the carrier that delivered the goods.  *Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 634 (7th Cir. 2001).  It also provides that both the freight forwarder and carrier may be held jointly and severally liable.  *Id*.

Defendants seek dismissal of State National's Carmack Amendment claims based on the terms and conditions on the reverse side of the bill of lading.  According to Defendants, application of those terms and conditions to the facts alleged in the complaint establishes that State National filed its lawsuit too late.  (ECF No. 25 at 11–13.)  In response, State National insists the Court cannot consider the reverse side of the bill of lading in connection with a motion to dismiss because

the reverse side was not attached to the amended complaint. (ECF No. 29 at 4–7.) It also disputes that the reverse side of the bill of lading was part of the underlying agreement between Chr. Hansen and CH Robinson, contending that a complete two-sided copy has never been produced and no such document was ever "tendered" to its insured. (*Id.* at 2–4.) The Court agrees with Defendants that it can consider the reverse side of the document under Federal Rule of Civil Procedure 10(c), but, given the factual disputes about the reverse side, resolution of whether the terms and conditions apply to the parties' arrangement must await discovery and development of the factual record.

The Seventh Circuit untangled a similar mess in *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730 (7th Cir. 2002), a breach of contract dispute relating to the repair of railroad tanker cars. The parties had documented their agreement for repair of the railroad cars in an exchange of two letters but then disagreed on the exact terms of their agreement. *Id.* In the first letter, the defendant repair company proposed terms and pricing for the repairs and stated that its proposal was "subject to the general terms and conditions on the reverse side." *Id.* at 732–33. Its counterparty responded with a second letter that offered a number of clarifications but then specifically incorporated the first letter, and both parties confirmed their agreement to the combined terms by signing the second letter. *Id.* When the repairs were not completed to its satisfaction, the counterparty sued for breach of contract and attached both letters to its pleading, although the attached first letter did not include any terms or conditions on the reverse side. *Id.* at 733. The defendant repair company moved to dismiss based on a limited remedy provision included in its standard "Form 4," which it supplied to the court and insisted was a binding part of the terms and conditions referenced in its first proposal letter. *See id.* at 733, 735, 738–39. The counterparty objected on two grounds: first, insisting that Form 4 was not attached to its pleading and thus could not be considered on a motion to dismiss, and, second, that it had never seen Form 4, which it insisted, had not been included on the reverse side of the initial proposal letter. *Id.* at 733, 735–36. After the district court sided with the defendant, the Seventh Circuit reversed, in part. *Id.* at 739. The Court of Appeals first confirmed that the district court could properly consider Form 4 at the motion to dismiss stage, given Rule 10(c) and the counterparty's attachment of the letters to the second amended complaint. *Id.* at 735. Applying Illinois law, the Court of Appeals then explained that dismissal of the breach of contract claim was inappropriate, given the counterparty's insistence that the reverse side was not attached or otherwise communicated to it and thus not a part of the parties' agreement. *Id.* at

736–39.  The Seventh Circuit emphasized that all inferences must be taken in the plaintiff's favor and held that under "general principles of contract interpretation," whether the counterparty was bound by the general terms and conditions could not be resolved at the pleading stage.  *Id.* at 739.

This case is largely the same as *188 LLC*, although governed by Wisconsin law.  Here, the bill of lading attached to the amended complaint refers to a "reverse side," but the copy attached to the amended complaint is only a single sided document.  (ECF No. 24-1.)  Defendants have supplied what they contend is a copy of the "reverse side," (ECF No. 25-1), and insist that because State National refers to the document's terms in the amended complaint and has included an incomplete copy as an attachment, the Court may consider the full agreement even on a motion to dismiss, (ECF No. 30 at 3–4).  Defendants are correct, at least in part.  Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Accordingly, documents incorporated by reference in a complaint may be considered by the Court when ruling on a motion to dismiss.  *See Williamson*, 714 F.3d at 435–36.  This narrow exception to basic motion to dismiss procedure is often applied in breach of contract cases.  *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).  Thus, the Court may consider the reverse side of the bill of lading supplied by Defendants without converting the pending motion to one for summary judgment.  *See id.*

The significance and applicability of the reverse side of the bill of lading, as supplied by Defendants, is another matter.  Under Wisconsin law, although a contract is generally considered "whole" (complete in itself), parties may agree to incorporate another document by reference if there is a "manifestation of mutual assent."  *Little Chute Area Sch. Dist. v. Wis. Educ. Assoc. Council*, 892 N.W.2d 312, 322 (Wis. Ct. App. 2017).  Accordingly, as a matter of contract law, the parties had the ability to incorporate the reverse side of the bill of lading into their agreement.  But State National insists that the reverse side "either does not exist as a complete version; was never generated as part of the underlying shipment; or was never tendered in full[.]"  (ECF No. 29 at 2.)  Given the disputed circumstances concerning the reverse side of the bill of lading, the Court will not attempt to apply that document at the pleading stage.

Defendants argue that State National did "not allege, let alone provide concrete evidence" of its position, (ECF No. 30 at 6), but this misunderstands the motion to dismiss standard.  State National's amended complaint must merely state factual allegations sufficient to provide notice to Defendants of its claims against them.  Fed. R. Civ. P. 8(a); *see also Brooks v. Ross*, 578 F.3d 574,

580–81 (7th Cir. 2009). The Court takes as true all well-pleaded facts and draws all reasonable inferences in favor of State National. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). State National did not attach the reverse side to its amended complaint and contends that the reverse side was never tendered to it. Indeed, even the document provided by Defendants is not a complete one; they have supplied what they contend is the purported reverse side. (ECF No. 25-1.) Accordingly, the Court cannot conclude as a matter of law that State National's insured received and agreed to the terms that State National has supplied in connection with its motion to dismiss. *See 188 LLC*, 300 F.3d at 739; *see also Little Chute Area Sch. Dist.*, 892 N.W.2d at 322.

Defendants resist this conclusion, citing *188 LLC*, insisting that the bill of lading unambiguously incorporates the reverse side, and maintaining that the reverse side therefore applies. (ECF No. 30 at 5–6.) But *188 LLC* considered two questions. First, whether the district court *could* consider the reverse side at the motion to dismiss stage. *188 LLC*, 300 F.3d at 735. As previously explained, the Court agrees with Defendants that it can consider the full bill of lading without converting the motion to one for summary judgment. *See id.* But *188 LLC* also makes clear that when there are factual disputes about the applicability of the reverse side of an additional document supplied under Rule 10(c), the Court cannot resolve those disputes on a motion to dismiss. *Id.* at 739. If State National comes forward with evidence in discovery that would support a finding that the terms and conditions supplied by Defendants were not part of the parties' agreement, it will defeat Defendants' timeliness defense. If it does not, Defendants will likely prevail. Resolution of this issue must await discovery. Defendants will be free to present this argument again, with the benefit of a fulsome record, at summary judgment.

II. **Because the Complaint Establishes that the Breach of Contract Claims Are Preempted, the Court Will Dismiss Those Claims.**

Defendants maintain that the Carmack Amendment preempts State National's breach of contract claims, warranting dismissal. (ECF No. 25 at 5–9.) State National does not address Defendants' preemption argument and instead focuses on how the facts as alleged establish a breach of contract. (*See* ECF No. 29 at 7–8.) This failure constitutes waiver and is reason alone to grant the motion. *See Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011); *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). The Court will explain, however, why the complaint pleads State National's breach of contract claims out of court. *See Coleman v.*

*United States*, 79 F.4th 822, 828 (7th Cir. 2023) (explaining that courts prefer to resolve disputes on the merits).

The Carmack Amendment provides a cause of action for shippers to pursue against a carrier or freight forwarder for lost or damaged goods. 49 U.S.C. §14706(a). It "establish[es] uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damages occur to a shipper's interstate shipment." *Hushes v. United Van Lines*, 829 F.2d 1407, 1415 (7th Cir. 1987). And, as Defendants maintain, the Carmack Amendment preempts state-law causes of action (such as a breach of contract) that a shipper might otherwise pursue against a carrier for lost or damaged goods. *See REI Transport, Inc. v. C.H. Robinson Worldwide*, 519 F.3d 693, 697 (7th Cir. 2008).

Federal Rule of Civil Procedure 8(d)(2) allows plaintiffs to plead in the alternative. Accordingly, State National *may* plead both a Carmack Amendment and a state common law theory in the alternative if the facts alleged suggest the possibility that the Carmack Amendment might not apply, leaving State National to recover under a state law claim. *See Pizzo*, 258 F.3d at 635 (explaining that the plaintiff's Carmack Amendment claim was pled in the alternative to her RICO and state law claims). But, even when pursuing alternative theories, "[a] plaintiff pleads [itself] out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Bagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (internal quotation omitted). Accordingly, State National could pursue both claims as alternative theories, as long as there is a reason that preemption would be inapplicable.

In *Codan Forsikring A/S v. ConGlobal Indus., Inc.*, 315 F.Supp.3d 1085 (N.D. Ill. 2018), the court addressed the issue of pleading alternative theories in connection with the Carmack Amendment. In *Codan*, a plaintiff pleaded Carmack Amendment, breach of contract, and negligence claims in the alternative. *Id.* at 1088. The court rejected the defendants' attempt to dismiss the plaintiff's state law claims under a preemption theory because there was a factual dispute as to whether the defendant was a carrier (which would subject it to liability under the Carmack Amendment) or not (in which case, the plaintiff could pursue its breach of contract and negligence claims). *Id.* at 1092–93.

Unlike in *Codan*, State National's complaint does not indicate that its breach of contract claims are pled in the alternative. More importantly, however, State National alleges that the contracting parties agreed that the Carmack Amendment applied, that HXI is a carrier subject to

the Carmack Amendment, and that CH Robinson is a freight broker and/or freight forwarder of cargo also subject to the Carmack Amendment. (ECF No. 24 ¶¶6–7, 17, 38–39, 48.) State National pleads no facts to suggest a factual dispute as to why Defendants might not be subject to the Carmack Amendment. (*See id.* ¶¶30–34; 41–45.) Taking these allegations as true, *Roberts*, 817 F.3d at 564, State National has pleaded itself out of court as to its breach of contract claims, because they are preempted by the Carmack Amendment, *see Tamayo*, 526 F.3d at 1086; *see also Codan*, 315 F.Supp.3d at 1091–92. The breach of contract claims will therefore be dismissed.

**CONCLUSION**

Accordingly, the Court will dismiss Counts I and III for breach of contract. The Court will also extend the discovery cutoff to four months from the date of this Order and the dispositive motion deadlines to five months from this Order. (*See* ECF No. 31.)

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant HXI Logistics' Motion to Dismiss, ECF No. 25, is **GRANTED in part**. Defendant Robinson's Motion to Join and Adopt HXI Logistics' Motion, ECF No. 28, is **GRANTED**. Counts I and II for breach of contract are **DISMISSED**.

**IT IS FURTHER ORDERED** that the motion to stay, ECF No. 31, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court's Scheduling Order, ECF No. 2, is amended. Discovery is now due on or before **October 26, 2026**. Dispositive motions are now due on or before **November 27, 2026**. All other deadlines and procedures set forth in the Scheduling Order remain in place.

Dated at Milwaukee, Wisconsin on June 26, 2026.

s/ *Brett H. Ludwig*
_____
*BRETT H. LUDWIG*
United States District Judge
